UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROMEWRIGHT PROPERTIES, LLC, et al. <br><br> Defendants. | Case No. 2:18-cv-305-JCM-VCF <br><br> ORDER |

Presently before the court is plaintiff Bayview Loan Servicing, LLC's ("Bayview") motion for summary judgment. (ECF No. 34). Defendants DW Management, LLC ("DW Management") and Romewright Properties, LLC ("Romewright") filed a response (ECF No. 39), to which Bayview replied (ECF No. 40).

Also before the court is DW Management and Romewright's motion for summary judgment. (ECF No. 35). Bayview filed a response. (ECF No. 38). DW Management and Romewright did not file a reply and the time to do so has passed.

I.  **Facts**

This action arises from a dispute over real property located at 1720 West Bonanza Road, Unit 80, Las Vegas, Nevada 89106 ("the property"). (ECF No. 1).

Ana Mercedes Garcia purchased the property in September 2003. *See* (ECF No. 34-1). Garcia financed the purchase with a loan in the amount of $65,000.00 from Chase Manhattan Mortgage Corp. ("Chase"). *Id.* Chase secured the loan with a deed of trust, which names Chase as the lender and beneficiary, and National Title Company as the trustee. *Id.*

On or about November 13, 2003, Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the loan, thereby acquiring ownership of the deed of trust. (ECF No. 34-2). Chase remained as the deed of trust's beneficiary in its capacity as a servicer of Freddie Mac. *Id.*

On September 15, 2014, Chase assigned the deed of trust to Bayview, which also remained as the deed of trust's beneficiary in its capacity as a servicer of Freddie Mac. (ECF Nos. 34-2, 34-3).

On July 29, 2015, Desert Garden Homeowners Association, Inc. ("Desert Garden"), through its agent ATC Assessment Collection Group, LLC, recorded a notice of delinquent assessment lien ("the lien") against the property for Garcia's failure to pay Desert Garden in the amount of $2,576.03. (ECF No. 34-5). On September 9, 2015, Desert Garden recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $3,820.06 as of September 1, 2015. (ECF No. 34-6).

On January 25, 2016, Desert Garden recorded a notice of trustee/foreclosure sale against the property. (ECF No. 34-7). On February 16, 2016, Desert Garden sold the property in a nonjudicial foreclosure sale to Romewright in exchange for $10,000.00. (ECF No. 34-8). On August 11, 2016, Romewright transferred its ownership interest in the property to DW Management. (ECF No. 34-13).

On February 16, 2018, Bayview initiated this action. (ECF No. 1). In its amended complaint, Bayview asserts four causes of action: (1) declaratory relief pursuant to 12 U.S.C. § 4617(j)(3); (2) quiet title; (3) declaratory judgment; (4) injunctive relief. (ECF No. 25). On July 16, 2018, Romewright filed and answer and counterclaim, asserting the same causes of action against Bayview. (ECF No. 11). DW Management also asserts a single counterclaim for quiet title. (ECF No. 30).

Now, the parties have filed cross-motions for summary judgment. (ECF Nos. 34, 35).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that

shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As a preliminary matter, Romewright and DW Management contend that Bayview has failed to provide evidence establishing an agency relationship between Freddie Mac and Bayview. (ECF No. 39). Here, Bayview has provided the court with Freddie Mac's declaration. Meyer. (ECF No. 34-2). Dean Meyer, the director of loss mitigation at Freddie Mac, testifies in the declaration that Freddie Mac used Bayview as a servicer for the deed of trust and attached database printouts in support of those claims. *Id.* Courts regularly rely on this kind of evidence at summary judgment to hold that Freddie Mac owns a deed of trust and that an agency relationship exists. *See e.g. G&P Investment Enterprises, LLC v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 1266, 1267 (D. Nev. 2016); *see also Berezovsky v. Moniz*, No. 2:15-cv-01186-GMN-GWF, 2015 WL 8780198, at *1 (D. Nev. Dec. 15, 2015), *aff'd*, 869 F.3d 923 (9th Cir. 2017). Accordingly, the court finds that Bayview was Freddie Mac's servicer for its deed of trust at the time of the foreclosure sale.

Bayview argues that the court should set aside the foreclosure sale because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 34). The court agrees.

The Housing and Economic Recovery Act ("HERA") established Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2).

As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on or about November 13, 2003. (ECF No. 34-2). Further, on September 15, 2014, Bayview acquired all beneficial interest in the deed of trust via an assignment. (ECF Nos. 34-2, 34-3). Bayview acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note and deed of trust. (ECF No. 34-2). Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of Freddie Mac. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Freddie Mac prior to the foreclosure sale on February 16, 2016. Lastly, nothing in the record indicates that FHFA consented to having the foreclosure sale extinguish Freddie Mac's interest in the property.

Freddie Mac obtained its interest in the property prior to the foreclosure sale. As Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Freddie Mac's interest in the property survived the foreclosure sale. Thus, Bayview is entitled to summary judgment on their declaratory relief and quiet title claims.

## IV. Conclusion

The court will grant summary judgment in favor of Bayview. As no pertinent issues remain in this action, the court will also dismiss with prejudice all other claims and counterclaims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Bayview's motion for summary judgment (ECF No. 34) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Romewright and DW Management's motion for summary judgment (ECF No. 35) be, and the same hereby is, DENIED.

The clerk shall enter judgment accordingly and close the case.

DATED: July 23, 2019

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE